UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL THOMAS PROULX,

          Petitioner,

                                           CASE NO. 09-CV-11992
v.                                 HONORABLE MARIANNE O. BATTANI

THOMAS BELL,

          Respondent.

_____/

### OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

**I.**      **Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2241.  Petitioner Michael Thomas Proulx, a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, challenges his parole revocation proceedings and current confinement.  Petitioner states that he was arrested on a parole violation warrant on June 20, 2008. A preliminary hearing was conducted by the Michigan Department of Corrections ("MDOC") on July 10, 2008, after which he remained in custody.  A formal revocation hearing was set for August 18, 2008, but adjourned at Petitioner's request.  Petitioner states that the revocation hearing is now scheduled for June 23, 2009.

Petitioner raises the following claims in his habeas petition:

I.      The MDOC violated state law and policy, and his constitutional rights, when they ignored the fact that his preliminary revocation hearing was held 10 days too late.

1

II.     The MDOC adjourned his full revocation hearing which was to be held
        8/14/08 at his request, but ignored over 15 requests to hold the hearing
        over the following eight months.

III.    The MDOC time computation unit unlawfully added 6 months to his
        sentence and changed his maximum discharge date to 10/4/09.  The
        MDOC has denied him due process to dispute that he absconded from
        parole.[1]

IV.     The MDOC does not have jurisdiction over him lawfully. He is being held
        against his will.

Petitioner states that he raised these issues in a state habeas corpus complaint filed in the

Lenawee County Circuit Court, but was denied relief.  He did not pursue further relief in the

state courts.  For the reasons stated herein, the Court dismisses without prejudice the petition for

a writ of habeas corpus.  The Court also denies a certificate of appealability and leave to proceed

*in forma pauperis* on appeal.

## II.     Discussion

A prisoner filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 must

first exhaust all state remedies.  *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S.

838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  This holds true for habeas

petitions challenging state parole revocation proceedings and decisions.  *See Brewer v.*

*Dahlberg*, 942 F.2d 328, 337-39 (6th Cir. 1991); *Knuckles v. Bell*, No. 08-CV-10942, 2008 WL

1743494, *1 (E.D. Mich. April 14, 2008) (Duggan, J.); *Swantak v. Romanowski*, No. 08-CV-

10126, 2008 WL 186127, *1-2 (E.D. Mich. Jan. 18, 2008) (Zatkoff, J.) (dismissing similar

---

[1]The documents attached to the petition indicate that Petitioner's maximum discharge
date is October 4, 2009 because he incurred 183 days of dead time while on absconder status
from December 20, 2007 to June 20, 2008.  *See* MDOC Policy Directive 06.06.100; *see also*
Offender Profile, Michigan Offender Tracking Information System ("OTIS").

habeas petition on exhaustion grounds); *Simmons v. Michigan Dept. of Corrections Parole Bd.*,

No. 2:07-CV-15442, 2008 WL 62459, *1 (E.D. Mich. Jan. 3, 2008) (Cohn, J.).  Exhaustion

requires that a prisoner "fairly present" the substance of each federal constitutional claim to the

state courts using citations to the United States Constitution, federal decisions using

constitutional analysis, or state decisions employing constitutional analysis in similar fact

patterns.  *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).  The exhaustion

requirement is satisfied when the state appellate courts have been given "a full and fair

opportunity" to rule on the petitioner's claims.  *Rust*, 17 F.3d at 160.  The burden is on the

petitioner to prove exhaustion.  *Id.*

The record before this Court indicates that Petitioner has not fully exhausted his state

remedies before proceeding in federal court.  Petitioner states that he brought a complaint for

writ of habeas corpus in the appropriate state circuit court, *see* Mich. Comp. L. § 600.4301 *et*

*seq.*, Mich. Ct. R. 3.303; *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862

(1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 380-81 (E.D. Mich. 1991), but did not seek

further relief in the state appellate courts.  While the denial of such a writ is not appealable by

right, the petition may be renewed by filing an original complaint for writ of habeas corpus with

the Michigan Court of Appeals.  *Id.*  Denial of such a complaint by the Michigan Court of

Appeals is subject to review by the Michigan Supreme Court.  *See* Mich. Ct. R. 7.301.[2]

Petitioner has failed to establish that he has exhausted available state court remedies prior to

---

[2]Michigan's Administrative Procedures Act, Mich. Comp. L. § 24.201 *et seq.*, also
provides an inmate whose parole has been revoked with the right to seek judicial review of the
Parole Board's decision in the state circuit court.  *See Penn v. Department of Corrections*, 100
Mich. App. 532, 298 N.W.2d 756 (1980).  The circuit court decision is appealable in the
Michigan Court of Appeals and the Michigan Supreme Court.  *See* Mich. Ct. R. 7.205, 7.302.

filing his federal habeas petition.  Absent the exhaustion of those remedies, his petition is

premature and must be dismissed.

Lastly, to the extent that Petitioner seeks release from custody or a reinstatement of

parole status based upon the State's alleged failure to conduct a timely formal parole revocation

hearing, the Court cannot grant him such relief.  The remedy for an untimely revocation hearing

is not a writ releasing him from custody or reinstating his parole, rather the remedy is to order

that a revocation hearing be provided.  *See, e.g., Beattie v. Groat*, No. 06-CV-11898, 2006 WL

1313806, *2 (E.D. Mich. May 12, 2006) (Friedman, J.).  Petitioner admits that a revocation

hearing on his case is scheduled for June 23, 2009.  This Court can provide no further remedy.

Habeas relief is therefore not warranted.

**III.     Conclusion**

The Court concludes that Petitioner has failed to fully exhaust state court remedies as to

the claims contained his petition and/or that the Court cannot grant him relief on his claims at

this time.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a

writ of habeas corpus.  The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  *See*

28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A district court, in its discretion, may decide

whether to issue a certificate of appealability at the time it rules on habeas petition or may wait

until a notice of appeal is filed to make such a determination.  *See Castro v. United States*, 310

F.3d 900, 903 (6th Cir. 2002).  A certificate of appealability may issue "only if the applicant has

made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court denies a habeas claim on procedural grounds without addressing the

claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

       **IT IS SO ORDERED.**

 

                        s/Marianne O. Battani

                        MARIANNE O. BATTANI

                        UNITED STATES DISTRICT JUDGE

Dated:  June 11, 2009